# 24-2609

## United States Court of Appeals

*for the*

## Second Circuit

LAGUERRE LENSENDRO,

*Plaintiff-Appellant,*

– v. –

KEYBANK, N.A.,

*Defendant-Appellee.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT (NEW HAVEN)

## BRIEF FOR DEFENDANT-APPELLEE

ANDREW P. KARAMOUZIS
MORAN KARAMOUZIS LLP
*Attorneys for Defendant-Appellee*
265 Sunrise Highway, Suite 61
Rockville Centre, New York 11570
(516) 678-6660

CP COUNSEL PRESS    (800) 4-APPEAL • (379565)

## <u>CORPORATE DISCLOSURE STATEMENT (FRAP 26.1)</u>

Pursuant to Fed. R. App. P. 26.1, Defendant-Appellee KeyBank National Association ("KeyBank"), by and through their counsel, declares that KeyBank is a wholly owned subsidiary of KeyCorp, which is a publicly held company.

# <u>TABLE OF CONTENTS</u>

TABLE OF AUTHORITIES…………………………………………..... i

JURISDICTIONAL STATEMENT…………………………………... 1

PROCEDURAL HISTORY…………………………………………… 1

COUNTERSTATEMENT OF THE ISSUES
PRESENTED FOR REVIEW……………………………………………4

COUNTERSTATEMENT OF THE CASE…………………………... 4

STANDARD OF REVIEW…………………………………………… 6

SUMMARY OF THE ARGUMENT……………………………….....7

ARGUMENT………………………………………………….. 8

THE DISTRICT COURT PROPERLY HELD THAT
APPELLANT'S "LOAN APPLICATION"
DOES NOT CONSTITUTE AN ENFORCEABLE CONTRACT……… 8

CONCLUSION……………………………………………………..15

## <u>TABLE OF AUTHORITIES</u>

<u>CASES:</u>                                                      <u>PAGES:</u>

<u>Alexander v. Gleeson,</u>
    2024 U.S. App. LEXIS 15972
      (2d Cir. July 1, 2024)……………………………………………..6, 7

<u>Associated Constr. v. Hanover Ins. Co.,</u>
    2018 U.S. Dist. LEXIS 141205
    (D. Conn. Aug. 21, 2018)..…………………..……………………..…...8

<u>Bell Atl. Corp. v. Twombly,</u>
    550 U.S. 544 (2006)…………………………………………..…...7

<u>Brighenti v. New Britain Shirt Corp.,</u>
    167 Conn. 403, A.2d 181 (1974)…………………………………......4-5

<u>Chem-Tek, Inc. v. General Motors Corp.,</u>
    816 F. Supp. 123, U.S. Dist. LEXIS 7212
    (D. Conn. Mar. 8, 1993).…………………………………..…….…8

<u>Crouch v. Marrs</u>,
    430 P.2d 104 (Kan.1967) ….…………………………………….…13

<u>Darnis v. Raytheon Techs. Corp.</u>,
    No. 22-2861-cv, 2023 U.S. App. LEXIS 20038
    (2d Cir. Aug. 3, 2023)……………………………………………….…14

<u>Hawley Ave. Assocs., LLC v. Russo</u>,
    30 Conn. App. 823, 25 A.3d 707 (2011)…………………………….11

<u>Hill v. Curcione</u>,
    657 F.3d 116 (2d Cir. 2011) …………………………………………5

<u>Kent v. AVCO Corp.,</u>
    849 F. Supp. 833 (D. Conn. 1994)…...……………….…...…..………..4, 11

i

**CASES:**                                                                                                    **PAGES:**

*Martin v. Todd Arthurs Co.*,
    225 Conn. App. 844, 317 A.3d 98 (2024)……………………………… 10

*Myers v. Bunker Ramo Corp.*,
    Civ. No. B-90-506 (JAC), 1992 U.S. Dist. LEXIS 5336
    (D. Conn. Jan. 21, 1992)...……………………………………………11

*Neitzke v. Williams*,
    490 U.S. 319 (1989)………………………………………………........5

*Ortega v. Hubbard*,
    No. MMX-FA24-5016572-S, 2024 Conn. Super. LEXIS 886
    (Super. Ct. May 10, 2024)……………………………………….…10

*Pan Handle Realty, LLC v. Olins*,
    59 A.3d 842, 140 Conn. App. 556
    (Appellate Court of Conn. 2013)………………………..……..…7, 11

*Seniw v. Town of Fairfield Police Dep't & John Doe*,
    No. 3:18-CV-813(JCH), 2018 WL 4372946
    (D. Conn. July 2, 2018)……………………………………………... 5

*Slainte Invs. Ltd. P'ship v. Jeffrey*,
    142 F. Supp. 3d 239 (D. Conn. 2015)...……………….……..…....7, 10

*Terry v. Inc. Vill. of Patchogue*,
    826 F.3d 631 U.S. Dist. LEXIS 11420
    (2d Cir. 2016)….………..………...…………….………....…....6

*Xian Yong Zeng v. Pompeo*,
    740 F. App'x 9 (2d Cir. 2018)……………………………………6, 14

ii

**STATUTES:**                                              **PAGES:**

Fed. R. App. P. 4(a)……………………………………………………………  1

28 U.S.C. § 1291…..…………………………………………….............  1

28 U.S.C. § 1332(a)(1)………………………………………….............  1

28 U.S.C. § 1915(e)(2)(B)…………………………………………...4, 6, 14

iii

## JURISDICTIONAL STATEMENT

On June 26, 2024, Plaintiff-Appellant Laguerre Lensendro ("Appellant") commenced this action in the United States District Court for the District of Connecticut by the filing of a Complaint. The District Court maintained subject matter jurisdiction over the dispute and personal jurisdiction over the parties pursuant to 28 U.S.C. § 1332(a)(1).

On September 6, 2024, the District Court dismissed the action with prejudice. On September 30, 2024, Appellant filed a notice of appeal pursuant to Fed. R. App. P. 4(a). This Court has jurisdiction over Appellant's appeal pursuant to 28 U.S.C. § 1291.

## PROCEDURAL HISTORY

On June 26, 2024, Appellant filed a Complaint against KeyBank in the United States District Court for the District of Connecticut (the "District Court") asserting a single claim for breach of contract. *See* Complaint, dated June 26, 2025 (the "Complaint"). App. Appendix, at 1 (ECF No. 1). Appellant never served KeyBank with the Complaint.

On June 26, 2024, Appellant also filed a motion for leave to proceed *in forma pauperis*. App. Appendix, at 1 (ECF No. 2).

On June 27, 2024, the District Court issued an Order Referring the Case to Magistrate Judge Robert M. Spector for a ruling on Appellant' s motion for leave to

proceed *in forma pauperis* and to review the Complaint.  App. Appendix, at 2 (ECF No. 8).

On July 15, 2024, Magistrate Judge Robert M. Spector issued a Recommended Ruling which recommended that: (i) Appellant's motion for leave to proceed *in forma pauperis* be granted, and (ii) the Complaint be dismissed without prejudice as Appellant failed to state a claim upon which relief could be granted for breach of contract "as the facts do not indicate that a contract or agreement between the plaintiff and the defendants existed." App. Appendix, at 2 (ECF No. 10). Magistrate Judge Robert M. Spector additionally recommended that Appellant be given one opportunity to file an amended complaint.  *Id.*

On August 1, 2024, the Honorable Kari A. Dooley issued an Order adopting the Recommended Ruling.  App. Appendix, at 3 (ECF No. 12).

On August 13, 2024, Appellant filed an Amended Complaint again asserting a single claim for breach of contract against KeyBank.  App. Appendix, at 3 (ECF No. 13).  Appellant never served KeyBank with the Amended Complaint.

On August 14, 2024, Magistrate Judge Robert M. Spector issued a Recommended Ruling, which recommended that Appellant's Amended Complaint be dismissed with prejudice.  App. Appendix, at 3 (ECF No. 14).  Magistrate Judge Spector found that in the Amended Complaint, Appellant again alleged a claim for breach of contract "based on nearly identical facts as asserted in the

2

initial complaint." *Id.* Magistrate Judge Spector further noted that the only addition to the Amended Complaint was an allegation that in submitting the loan application, Appellant included instructions demanding that the CFO for the defendant reach out in "writing if there are any questions/concerns that arise within 3 business days, if no communication is made within 3 business days after receipt of this notice, then [the plaintiff] can assume that the aforesaid instructions have been completed." *Id.* However, Magistrate Judge Spector noted that in order to assert a claim for breach of an implied contract, "the plaintiff is still required to show that the parties had an actual agreement" and thus the "Amended Complaint fails to plead additional facts that give rise to the inference that a contract existed between the plaintiff and the defendant." *Id.* Magistrate Judge Spector further recommended that the Amended Complaint be dismissed with prejudice "because any additional attempt to amend the Amended Complaint would be futile." *Id.*

On August 29, 2024, Appellant filed an objection to Magistrate Judge Robert M. Spector's Recommended Ruling. App. Appendix, at 4 (ECF No. 15).

On September 6, 2024, the Honorable Kari A. Dooley issued an Order adopting the Recommended Ruling dismissing Appellant's Amended Complaint with prejudice. App. Appendix, at 4 (ECF No. 16).

On September 30, 2024, Appellant filed a Notice of Appeal with this Court. App. Appendix, at 4 (ECF No. 17).

## COUNTERSTATEMENT OF THE ISSUES PRESENTED FOR REVIEW

**Issue:** Did the District Court properly dismiss Appellant's Amended Complaint with prejudice?

**Answer:** Yes

## COUNTERSTATEMENT OF THE CASE

On August 14, 2024, Magistrate Judge Robert M. Spector issued a Recommended Ruling to dismiss Appellant's Amended Complaint against KeyBank with Prejudice.

In particular, Magistrate Judge Spector held that:

The Court has reviewed the plaintiff's Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). (Doc. No. 13). In recommending dismissal of the plaintiff's initial complaint, the Court found that the plaintiff failed to sufficiently plead a claim of breach of contract as the facts did not indicate that a contract or agreement between the plaintiff and defendant Key Bank existed. In filing the instant Amended Complaint, the plaintiff again alleges a claim for breach of contract based on nearly identical facts as asserted in the initial complaint. In the Amended Complaint, the plaintiff adds only that in submitting an application for what the court has characterized as a loan, the plaintiffs included instructions "demanding that the CFO for the defendant reach out in 'writing if there are any questions/ concerns that arise within 3 business days, if no communication is made within 3 business days after receipt of this notice, then [the plaintiff] can assume that the aforesaid instructions have been completed." (Doc. No. 13 at 2). However, to assert a claim for breach of implied contract here, the plaintiff is still required to show that the parties had an actual agreement. *See Kent v. AVCP Corp.,* 849 F.Supp. 833, 835 (D. Conn. 1994) ("An implied contract depends on the existence of an actual agreement") (citing *Brighenti v. New Britain Shirt Corp.,*167

4

Conn. 403, 306, A.2d 181 (1974)). The Amended Complaint fails to plead additional facts that give rise to the inference that a contract existed between the plaintiff and the defendant, and as such, the Court recommends that the Amended Complaint be **DISMISSED**.

The Court further recommends that the Amended Complaint be **DISMISSED with prejudice** because any additional attempt to amend the Amended Complaint would be futile. *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989) (giving courts authority to dismiss claims based on "an indisputably meritless legal theory"); *Seniw v. Town of Fairfield Police Dep't & John Doe,* NO 3:18-CV-813(JCH), 2018 WL 4372946, at *2 (D. Conn. July 2, 2018) (citing *Hill v. Curcione*, 657 F.3d 116, 123 (2d Cir. 2011) ("Where a proposed amendment would be futile, leave to amend need not be given.")).

*See* App. Appendix, at 3 (ECF No. 14).

On September 6, 2024, Judge Dooley issued an Order adopting Magistrate Judge Spector's Recommended Ruling and dismissed Appellant's Amended Complaint against KeyBank with Prejudice.

In particular, Judge Dooley held that: "[t]he Recommended Ruling contains an accurate statement of the applicable law and a thoroughly reasoned analysis and application of the that law to the circumstances presented here." *See* App. Appendix, at 4 (ECF 16).

Appellant's appeal should be denied because the Amended Complaint fails to state a claim against KeyBank and Appellant has no legal grounds to sustain his appeal as his claim is based upon "an indisputably meritless legal theory." *See* App. Appendix, at 3 (ECF No. 14) (citing *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)).

5

As Magistrate Judge Spector recommended and the District Court ruled, dismissal with prejudice was appropriate because any additional attempt to amend would be futile. *Xian Yong Zeng v. Pompeo*, 740 F. App'x 9, 10 (2d Cir. 2018) (affirming dismissal of pro se complaint with prejudice where amendment would be futile because the proposed theory is meritless).

## STANDARD OF REVIEW

With respect to a plaintiff who has *in forma pauperis* status, 28 U.S.C. 1915(e)(2)(B)(ii) provides that "the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . .fails to state a claim on which relief may be granted."  The review of a district court's dismissal under 28 U.S.C. § 1915(e)(2) is "without deference" and the Court will "liberally construe pleadings and briefs submitted by pro se litigants, reading such submissions to raise the strongest arguments they suggest." *Alexander v. Gleeson*, 2024 U.S. App. LEXIS 15972, *2, (2d Cir. July 1, 2024).  However, while the Court will "accord filings from pro se litigants a high degree of solicitude, even a litigant representing himself must set out identifiable arguments in his principal briefs." *Terry v. Inc. Vill. of Patchogue*, 826 F.3d 631, 632-633 (2d Cir. 2016).  A *pro se* plaintiff's complaint "must still include enough facts to state a claim to relief that is plausible on its face" and a complaint that "lacks an arguable basis in law or fact" must be dismissed.

*Alexander v. Gleeson*, 2024 U.S. App. LEXIS at *2 (*citing* *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 548 (2006)).

## SUMMARY OF THE ARGUMENT

The District Court properly dismissed Appellant Laguerre Lensendro's ("Appellant") Amended Complaint for breach of contract against KeyBank because Appellant failed to allege the existence of an enforceable contract between Appellant and Appellee KeyBank ("KeyBank" or "Appellee"). Under Connecticut law, in order to form a valid and binding contract, there must be mutual assent by both parties to an agreement that is definite and certain as to its terms and requirements. *See* *Slainte Invs. Ltd. P'ship v. Jeffrey*, 142 F. Supp. 3d 239, 243 (D. Conn. 2015); *see also*, *Pan Handle Realty, LLC v. Olins*, 59 A.3d 842, 849, 140 Conn. App. 556, 567 (Appellate Court of Conn. 2013).

Appellant's own allegations demonstrate that KeyBank did not agree to enter into any agreement, let alone an enforceable contract, with Appellant. Appellant alleges only that he mailed an application to KeyBank seeking a loan in the amount of $125,000 and that KeyBank never responded to Appellant's communication. App. Appendix, at 3 (ECF No. 13, Amended Complaint, ¶¶ 3, 11).

These facts, as alleged, are wholly insufficient to state a claim for breach of contract because there was no mutual assent by the parties to enter into an agreement that is definite and certain as to its terms and requirements. KeyBank did not agree

provide a loan to Appellant.  Further, KeyBank's failure to respond to Appellant's application does not constitute consent.  In addition, the loan application cannot constitute a valid, enforceable contract because it lacks the material terms essential to the formation of a contract.

## ARGUMENT

### THE DISTRICT COURT PROPERLY HELD THAT APPELLANT'S "LOAN APPLICATION" DOES NOT CONSTITUTE AN ENFORCEABLE CONTRACT

"To prove a breach of contract claim under Connecticut law, a plaintiff must establish: '(1) the existence of a contract or agreement; (2) the defendant's breach of the contract or agreement; and (3) damages resulting from the breach.'" *Associated Constr. v. Hanover Ins. Co.*, 2018 U.S. Dist. LEXIS 141205, *46, (D. Conn. Aug. 21, 2018) (*citing Chem-Tek, Inc. v. General Motors Corp.*, 816 F. Supp. 123, 125, (D. Conn. Mar. 8, 1993)).  Here, as the District Court found, Appellant's Amended Complaint "does not allege sufficient facts to establish, even if proven, the existence of a contract between Plaintiff and Defendant."  App. Appendix, at 4 (ECF No. 16). In the Amended Complaint, Appellant contends that his submission of an application to KeyBank for an "advance" of $125,000 for "personal and household use" along with a "Bill of Exchange" as collateral and "instructions" somehow formed a valid, enforceable contract between Appellant and KeyBank, which KeyBank allegedly breached by not advancing the $125,000 in funds Appellant that he requested.

However, Appellant's allegations, even if assumed to be true and read in the most favorable light to Appellant, are not remotely sufficient to establish that an enforceable contract was formed between Appellant and KeyBank.

Specifically, in the Amended Complaint, Appellant alleges he submitted an application to KeyBank "for an amount of $125,000 for personal and household use" and "tendered an instrument, of Bill of Exchange (BOE) with a face value of $150,000 as an accord and satisfaction to the transaction." App. Appendix, at 3 (ECF No. 13, Amended Complaint, ¶¶ 3-4). Appellant further alleges that the "Bill of Exchange" was "collateral" for the advance and that Appellant provided KeyBank with "instructions" that contained a "notice clause . . . demanding that the CFO for the defendant reach out in 'writing if there are any questions/concerns that arise within 3 business days, if no communication is made within 3 business days after receipt of this notice, then I can assume that the aforesaid instructions have been completed." *Id.*, ¶¶ 6-8. Appellant claims that because KeyBank did not respond and/or return the "application" or the "Bill of Exchange," that a contract was formed between the parties that KeyBank breached by failing to provide Appellant with the funds demanded. *Id.*, ¶¶ 17-21.

The facts alleged by Appellant, even if assumed to be true, do not state a plausible claim for relief for breach of contract because they demonstrate, to the contrary, that no contract between Appellant and KeyBank was ever formed. Under

9

Connecticut law, "[i]n order to form a binding and enforceable contract, there must exist an offer and an acceptance based on a mutual understanding by the parties. . . . [that] must manifest itself by mutual assent between the parties." *Martin v. Todd Arthurs Co.*, 225 Conn. App. 844, 851, 317 A.3d 98, 104 (2024) "As a general principle, the formation of a binding contract requires the mutual assent of the parties, as determined by their expressed or manifested intention." *Ortega v. Hubbard*, No. MMX-FA24-5016572-S, 2024 Conn. Super. LEXIS 886, at *6 (Super. Ct. May 10, 2024).

Here, Appellant simply mailed a credit application for a loan to KeyBank for $125,000 and "instructed" KeyBank to "communicate through writing if there are any questions/concerns that arise within 3 business days" and that if no such communication was made Plaintiff "can assume that the aforesaid instructions have been completed." App. Appendix, at 1 (ECF No. 1, Complaint, Exhibits 1 and 7). Appellant explicitly states in his Amended Complaint that he never received a response from KeyBank. App. Appendix, at 3 (ECF No. 13, Amended Complaint, ¶¶ 12 and 15) Thus, it is undisputed that KeyBank never agreed to enter into a contract with Appellant and there was no "mutual understanding of the terms that are definite and certain between the parties," which is required to form a valid and binding contract. *Slainte Invs. Ltd. P'ship v. Jeffrey*, 142 F. Supp. 3d 239, 243 (D. Conn. 2015).

10

In addition, "[i]n order for an enforceable contract to exist . . . . an agreement must be definite and certain as to its terms and requirements." *Pan Handle Realty, LLC v. Olins*, 59 A.3d 842, 849, 140 Conn. App. 556, 567 (Appellate Court of Conn. 2013). Connecticut courts require "definite agreement on the essential terms of an enforceable agreement." *Hawley Ave. Assocs., LLC v. Russo*, 130 Conn. App. 823, 829, 25 A.3d 707, 711 (2011).

The loan application that Appellant claims constitutes a contract only specifies the amount of the requested loan, but does not contain any information about the nature and terms of the loan being requested such as the interest rate, the term of the loan or any details about how the loan would be repaid. Thus, the loan application cannot constitute an enforceable contract as it lacks the essential terms of an enforceable agreement.

To the extent Appellant is claiming that there was an implied contract, such a claim still requires a showing that the parties had "actual agreement" on the essential terms. *Myers v. Bunker Ramo Corp.,* Civ. No. B-90-506 (JAC), 1992 U.S. Dist. LEXIS 5336, at *10 (D. Conn. Jan. 21, 1992). *See also*, *Kent v. AVCO Corp.*, 849 F. Supp. 833, 835 (D. Conn. 1994).

Appellant argues that KeyBank's failure to respond to Appellant's "Loan Application" somehow constitutes acceptance of the application and created a binding contract between the parties. App. Appendix, at 3 (ECF No. 13, Amended

11

Complaint, ¶¶ 8 – 12).  As an initial matter, whether KeyBank "accepted" the loan application is irrelevant because, as discussed above, the loan application cannot possibly constitute an enforceable contract as it lacks the essential terms regarding the requested loan.  Regardless, KeyBank's alleged failure to respond to the loan application cannot, under any reasonable measure, constitute assent to a purported agreement.  In support of this argument, Appellant cites to various cases and statutes for the proposition that, under certain circumstances, a party's acceptance of goods or failure to return them within a reasonable timeframe can be interpreted as acceptance of the goods and thus the formation of an enforceable contract to purchase these goods.  *See* App. Br., at 8-15.  However, these legal precedents which only apply to contracts for the sale of goods are inapplicable to Appellant's breach of contract claim because it concerns an alleged loan agreement ***not*** a contract for the sale of goods.

Appellant asserts that these legal precedents regarding contracts for the sale of goods are applicable here because KeyBank did not return the "Bill of Exchange" that Appellant submitted with the loan application, which Appellant characterizes as "chattel" that KeyBank was obligated to return.  *Id.*, at 6-7.  However, the issue here is whether KeyBank was obligated to provide Appellant with a loan and therefore the cases Appellant relies upon regarding the sale of goods are inapplicable.

12

Likewise, Appellant 's alleged submission of a "Bill of Exchange" with the loan application does not have any relevance as to whether a binding and enforceable contract between the parties exists, which requires mutual assent by the parties to an agreement that is definite and certain as to its terms and requirements. Similarly, Appellant's reliance on *Crouch v. Marrs*, 430 P.2d 104 (Kan.1967) is inapposite as it addresses a situation about whether a seller accepted an offer to purchase real property when the seller endorsed and deposited the check of the offeror that accompanied the written offer to purchase property. Appellant's inclusion of a document entitled "International Bill of Exchange" in the amount of $150,000 with his loan application (*see* App. Appendix, at 1 (ECF No. 1, Complaint, Exhibit 2); App. Appendix, at 3 (ECF No. 13, Amended Complaint, ¶ 4), which he admits KeyBank did not negotiate, is irrelevant to whether a binding contract between parties exists.

Appellant also claims that KeyBank was required to respond to the Loan Application under the Equal Credit Opportunity Act ("ECOA). App. Br., at 15. While KeyBank denies that it violated any obligation under the ECOA, this argument has no relevance as to: (i) whether the loan application constitutes a valid and enforceable agreement between the parties, and/or (ii) whether there was mutual assent to an agreement that is definite and certain as to its terms and requirements.

13

Because Appellant's Amended Complaint fails to plead any facts that would state a plausible claim for breach of contract, and to the contrary, demonstrate that no enforceable contract exists because there was no mutual assent by both parties to an agreement that is definite and certain as to its terms and requirements, the District Court's dismissal of Appellant's Amended Complaint, with prejudice, under 28 U.S.C. § 1915(3)(2)(B) should be affirmed. *Darnis v. Raytheon Techs. Corp.*, No. 22-2861-cv, 2023 U.S. App. LEXIS 20038, at *1 (2d Cir. Aug. 3, 2023) (affirming dismissal of breach of contract claim where elements not plausibly alleged); *Xian Yong Zeng v. Pompeo*, 740 F. App'x 9, 10 (2d Cir. 2018) (affirming dismissal of *pro se* complaint with prejudice where amendment would be futile because the proposed theory is meritless).

14

## <u>CONCLUSION</u>

For all of the foregoing reasons, KeyBank respectfully requests that this Court issue an Order dismissing Appellant's appeal in all respects and grant all such other and further relief as the Court deems just and proper.

Dated:  March 24, 2025                    Respectfully submitted,
       Rockville Centre, New York

**MORAN • KARAMOUZIS LLP**

By: *Andrew P. Karamouzis*
     Andrew P. Karamouzis

265 Sunrise Highway, Suite 61
Rockville Centre, New York 11570
(516) 678-6660
akaramouzis@mka-law.com

*Attorneys for Defendant-Appellee*
*KeyBank National Association*

15

## <u>CERTIFICATE OF COMPLIANCE</u>

This brief complies with the type-volume limitation of Rule32(a)(7)(B) of the Federal Rules of Appellate Procedure and Second Circuit Local Rule 32.1(a)(4)(A) because it contains 3,274 words, excluding the parts of the brief exempted by Rule 32(f).

This brief complies with the typeface requirements of Rule 32(a)(5) and the type style requirements of Rule 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word in Time New Roman, 14-point font.

Dated: March 24, 2025                 Respectfully submitted,
      Rockville Centre, New York

*Andrew P. Karamouzis*

Andrew P. Karamouzis

*Attorneys for Defendant-Appellee*
*KeyBank National Association*

## <u>CERTIFICATE OF SERVICE</u>

I, Andrew P. Karamouzis, hereby certify that, on March 24, 2025, I caused a true and correct copy of Defendant-Appellee KeyBank National Association's Brief in Opposition, dated March 24, 2025, to be served upon Laguerre Lensendro, Plaintiff-Appellant *Pro Se,* in a postage, pre-paid envelope, by United States First Class mail, addressed as follows:

> Laguerre Lensendro
> 26 Broad Street, Apt. 4
> Norwalk, CT 06851
> *Plaintiff-Appellant Pro Se*

*Andrew P. Karamouzis*
Andrew P. Karamouzis